E-FILED
Wednesday, 20 February, 2008 11:23:40 AM
Thursday, 20 February, 2008 11:33:40 AM
Clerk, U.S. District Court, ILCD

FILED

FEB 2 0 2008

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF IlliNOIS

2110/08

Hon. Joe Billy McDade
United States District Judge
122 U.S. Courthouse
100 N.E. Monroe Street
Peoria IL 61602

RE: Michael A Mason #13249-026
    FCI-Pekin
    POBox 5000
    Pekin, Il 61555

Case Name: USA v Mason
Case number: 1:03-cr-10103

Honorable Judge McDade:

I am writing to the court concerning the document that was filed 3/8/2007. The court stated that they were without jurisdiction to award credit for time served in official detention since there was no showing that I had exhausted all of my administrative remedies through the Bureau of Prisons. I have now exhausted all of my administrative remedies through the Bureau of Prisons and wish to bring this matter back before the court.

I am seeking credit for the State time I was serving when I was indicted in the United States District Court and charged with Conspiracy to Manufacture Methamphetamine. Total time served on related state cases was 33 months and 15 days. I humbly ask the court to impose a fully concurrent sentence so the Bureau of Prisons can issue credit for the related state sentences. The state offenses were relevant conduct to my Federal offense and in fact were during the same stated time frame of the Federal offenses. These State charges were fully taken into account and were used against me as priors to enhance my Federal sentence.

I humbly ask for a sentence reduction Pursuant to 5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons. In order to achieve a reasonable incremental punishment for the instant offense the court should consider the prior sentence that had been imposed by the state court and was a related state charge to the Federal offense. The court determined that a sentence of 180 months provides the appropriate total punishment. Since I had already served 33 months & 15 days on the related state charges, I humbly ask the court that the sentence imposed to run concurrently with the state sentence to achieve the desired result.

Please let me state United States v Dorsey (3d cir. 01/29/1999) [64] "In specific situation where the conduct for which a defendant is being sentenced has resulted in a previously imposed sentence  5G1.3(b) utilizing the authority granted by 3584(b) makes a policy choice that the total time served for the conduct not vary depending on the fortuity of when the two sentences are imposed. It accomplishes this by providing (a) that the new sentence will be run concurrently with the un-discharged term of prior sentence and (b) that the new sentence will be reduced by an amount equal to the time previously served on the prior sentence if the court determines that the Bureau of Prisons will not give credit for such time under 3585(b). We do not find this policy choice unauthorized by the sentencing reform act or inconsistent with Congress' intent that, once a sentence is imposed, the Attorney General or it's designee have sole authority to determine when the sentence will be discharged." There are often valid reasons why the related crimes committed by the same defendant are not prosecuted in the same proceeding and 5G1.3 of the guidelines attempts to achieve some coordination of the sentences imposed in such sentences imposed in such situations with an eye toward having punishment approximate that total penalty

that would have been imposed had the sentences for the offenses been imposed at the same time, (i.e, had all the offenses been prosecuted in a single proceeding.)

Please let me site a case in your court that is similar to mine.  United States v Evans (7th Cir 1993)  In a state prosecution, Ricky Evans was found guilty of participating in a criminal drug conspiracy, a class X Felony under Illinois law.  He was sentenced to serve 10 years in an Illinois prison.  A year later Evans was indicted on Federal drug conspiracy charges relating to the same conduct, to which he pleaded guilty.  Under the sentencing guidelines, Evans was eligible for a term of 121-151 months.  Since he had already served 23 months in state prison for conduct taken into account when arriving at this range, the court subtracted 23 months from the bottom of the range and sentenced Evans to serve 98 months, concurrent with his state sentence.

Your Honor, I believe that when the court issued the amended judgment, reducing the previously imposed term to 180 months, my attorney did not bring to the attention of the court about the previous time served on the related state sentence that was part of the Federal conspiracy, thus that is why the judgment was silent in regards to the Illinois State sentences.  My attorney had assured me that I would receive credit for the related state cases so I personally was not aware that I had not been awarded the credit until Jan 2007 when I finally got my sentence calculation sheet.  At that time I addressed the court in writing, for the first time on this matter.  I then started exhausting all administrative remedies through the B.OP.

Your Honor, my state charges that were during the timeframe of the Federal conspiracy, were related cases to my Federal conspiracy and all come from the same course of conduct.  They were fully taken into account in determining my Federal sentence, in fact they were used as prior offenses to enhance the Federal sentence.  In order achieve the proper sentence, I humbly ask the court that my Federal sentence run concurrently with the un-discharged term of my state sentence and that the Federal sentence be reduced by the amount equal to the time previously served on the state sentence.

I sincerely appreciate your time on this matter.

Sincerely,

*Michael Mason*

Michael Mason

# FEDERAL CORRECTIONAL INSTITUTION
# PEKIN, ILLINOIS

## INMATE ATTEMPT AT INFORMAL RESOLUTIiON

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In accordance to Bureau of Prison's Program Statement! 330.11 <u>Administrative Remedy for Inmates,</u> any inmates attempting to seek fonnal review of a complaint must first attempt to resolve the complaint by presenting it to a **staff** membeT. The staff member must anempt to resolve the matter prior to the issuance of a Request for Administrative Remedy (B.P-9) to the inmate.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. Briefly explain the nature of your complaint. You must include all pertinent details and facts that support your case.

I need to exhaust my Administative remedies so I can bring this matter back to the courts to get it corrected. I am seeking credit for time in jail on related cases to my Federal offense while 18 USCS § 3585 b prohibits multiple credit for the same period under certain circumstances, the Application of U.S.S.G § 5G1.3.(b). over →

2. What action do you wish to be taken to resolve this matter?

I understand the B.O.P is limited on what they can do on these matters but I have to exhaust all my administative Remedies before I can take this back to the sentencing Judge.

Michael Mason 13249-026        Ind-2        Oct. 11, 2007
Inmate's Name & Reg. No.        Unit        Date

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

3. The staff member attempting to resolve this matter will indicate below the steps taken and will return this to the inmate.

At this time you do not qualify for this credit. Please continue with your administrative Remedies.

_____ Siss        Oct. 17, 2007
Staff Member's Name & Title        Date

Comments of Reviewing Official:

Reviewed by    _____
       Signature & Title l)freviewing officIal        Date

•[ 18 USCS Appx § 5G1.3(b) ] requires federal sentence to run concurrently to undischarged state sentence when state sentence been "Fully Taken into Account" in determining offense level for federal offense. My related state cases were used against me as prior offences to enhance my federal sentence even though they were part the conspiracy I was charged with Credit seeking is 33 months 15 days related cases. 16 days Fulton Co IL from March 17, 2002. 60 days Mason Co, IL. From August 18 2002     time From May, 2003 il 2006 time served      related state sentence

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **MASON Michael A**     **13249-026**   **Ind-2**   **Pekin FCI**
　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A– INMATE REQUEST**

I am seeking credit for time served in jail on related state cases to my Federal charge. I have to exhaust all my administrative Remedies before I can take this matter back to the court. Federal Law states the application of U.S.S.G § 5G1.3(b) requires Federal sentence to run concurrently to undischarged state sentence when state sentence has been "Fully taken into account." My state charges were used against me as prior offences to enhance my Federal sentence, even though they were part of the conspiracy I was charged with. I am seeking credit for 33 months 15 days, the time served on the related state sentences.

Oct 19 2007                                   *Michael A. Mason*
　　DATE　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B– RESPONSE**

　　　DATE　　　　　　　　　　　　　　　WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE　　　　　CASE NUMBER: **470348-F1**

　　　　　　　　　　　　　　　　　　　　CASE NUMBER: **470348-F1**

**Part C– RECEIPT**

Return to: _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT:

　　DATE　　　　　　　　　　　　RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN　　　　　　　　　　　　　　　　　　　　　　　　BP-229(13)
　　　　　　　　　　　　　　　　　　　　　　　　　　　APRIL 1982

Part B - Response
Administrative Remedy #470348-F1

This is in response to your Request for Administrative Remedy in which you request a credit pursuant to 18 U.S.C. § 3621 (b), Imprisonment of a Convicted Person; Place of Imprisonment (Nunc Pro Tunc).

A review of this matter revealed the credit which you request is precluded under Title 18 U.S.C. § 3585(b) at this time. Your request has been forwarded to the Designation and Sentence Computation Center (DSCC) for a review and determination in accordance with Bureau of Prisons' Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence.</u> You will be advised of the Bureau of Prisons' determination upon completion of the review.

This response is for informational purposes only. If you are dissatisfied with this response, you may submit an appeal on the appropriate form (BP-1 0), to the Regional Director. Your response must be received in their office within 20 calendar days from the date of this response.

_____      10/27/07
J. C. Zuercher, Warden              Date

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Mason, Michael A** _ **13249-026** _ **Ind-2** _ **Pekin FCL**
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A—REASON FOR APPEAL**

I am seeking credit for served in jail on related state cases that were "Fully taken into account." My state cases were used against me as prior offenses to enhance my Federal sentence, even though were part of the conspiracy I was charged with. Federal law U.S.S.G § 5G1.3(b) requires Federal sentence to run concurrently to related state sentence when related state cases were "Fully taken account." I seeking credit for 33 months 15 days, total time served related state cases

Nov 1 2007
DATE

*Michael Mason*
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

[stamp: 2007]

_____                                                              _____
DATE                                                                                  REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL RETURN TO INMATE                                     CASE NUMBER: **470348-R1**

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____   -   _____   _____   _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.                UNIT              INSTITUTION

SUBJECT: _____

_____          _____
DATE                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Admin Remedy Number:** 470348-R1

---

This is in response to your Regional Administrative Remedy Appeal dated November 1, 2007, in which you claim you have not received all prior custody credit to which you are entitled. For relief, you request your prior custody credit be awarded on your current sentence computation.

We have reviewed your appeal and the Warden's response dated October 27, 2007. A review of your sentence computation has been completed. The credit you request is precluded under Title 18 U.S.C. § 3585(b). This matter has been referred to the Designation and Sentence Computation Center in Grand Prairie, Texas, for investigation of prior custody credit. You must continue the administrative remedy process in order to be advised of this determination.

Based on the above, your Regional Administrative Remedy Appeal is denied at this time.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Wasllington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date f this re p e.

12/3/07
Date

Michael K. Nalley, Regional Director

U.S. Department of Justice                                    Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

---

Type or use ball–point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

From: Mason Michael A         13249-026      Ind 2       Pekin FCI
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**

I have to exhaust all my administrative remedies before court can look into this matter. My Federal sentence enhanced because of my state charges, that were related in fact part of the Federal conspiracy. Federal U.S.S.G § 5G1.3(b) requires Federal sentence concurrently to related state sentence when related state cases were "Fully taken account."

2007                                          Michael A Mason
DATE                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

**RECEIVED**
DEC 21 2007
Administrative Remedy Section
Federal Bureau of Prisons

---

DATE                                          GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 470348-A1

**Part C—RECEIPT**                            CASE NUMBER:

Return to:
         LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.    UNIT    INSTITUTION
SUBJECT:

D:\TE                                         SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)
LJSP LVN                                                                                         APRIL 1982

You appeal the Regional Director's response to your Administrative Remedy in which you claim your federal sentence should run concurrent to your state term. In support of your claim, you reference § 5G1.3(a) of the united states Sentencing Guidelines (USSG).

Review of your file indicates you were sentenced to a 6-year term of imprisonment in the Mason County, Illinois, Circuit Court on September 11, 2003, for violation of probation. You also received 3-year terms in Mason County and Menard County. While in service of the state term, you were indicted in the united States District Court, Central District of Illinois, and charged with Conspiracy to Manufacture 500 Grams or More of a Mixture and Substance Containing Methamphetamine.

You appeared in the U.S. District Court, for the Central District of Illinois, pursuant to a writ of habeas corpus ad prosequendum for prosecution on the federal charges. You were sUbsequently sentenced on February 17, 2005, in Case Number: 1:03-CR-10103-001, to a term of life in violation of Title 21, U.S.C. § 841(a)(1), Conspiracy to Manufacture Methamphetamine. This judgment was silent in regard to the undischarged term of imprisonment in the state of Illinois.

On February 18, 2005, you were returned to state custody, and were eventually paroled to the federal detainer on January 11, 2006. Because the federal judgment was silent, in accordance with Title 18, U.S.C. § 3584(a), which states that multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently, your federal sentence was consecutive to the state term, and commenced on January 11, 2006. No presentence credit was applied to the federal sentence, as time in custody was applied to the state sentence.

On August 31, 2006, the Court issued an amended jUdgment in Case Number 1:03-CR-10103-001, reducing the previously imposed term of life imprisonment to a 180-month term. This judgment was also silent in regard to the Illinois state sentences.

You cite USSG § 5G1.3(b) in support of your request for concurrent service. The united States Supreme Court has ruled the Sentencing Guidelines are advisory, and in your case, the sentencing Court did not elect to run your federal sentence concurrently with the already imposed state term, therefore, the provisions of § 3584(a) apply.

Your sentence has been computed in accordance with Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984),</u> and applicable federal statute. Your appeal is denied.

January 22, 2008
Date

Harrell Watt, Administrator
National Inmate Appeals