**E-FILED**
Thursday, 20 March, 2008  09:25:56 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL A. MASON | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-01055-JBM |
| | ) | |
| | ) | |
| | ) | |
| UNITED STATES, | ) | |
| Respondent. | ) | |

## <u>RESPONSE TO HABEAS CORPUS PETITION</u>

Comes now the respondent, by and through his attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Thomas A. Keith, Assistant United States Attorney, and for its response to the habeas corpus petition, states as follows:

### INTRODUCTION

Petitioner in this matter is serving a 180-month sentence for Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 841(b)(1)(A); and 18 U.S.C. § 846.[1]  (*See* John Farrar Declaration; Attachment 4) Petitioner is currently designated to the Federal Correctional Institution in Pekin, Illinois (FCI Pekin).  (*See* John Farrar; Attachment 5)  He has a projected release

---

[1] Petitioner was originally sentence to a term of life.  However, this sentence was amended on August 31, 2006, to a 180-month term.  (*See* John Farrar Declaration, Attachments 3 & 4).

date of February 5, 2019, via Good Conduct Time. (*Id.*)

Petitioner alleges that he is entitled to sentencing credit for time spent in official detention pursuant to the United States Sentence Guidelines (USSG), Section 5G1.3. He claims the BOP failed to adjust his federal sentence for time spent serving his undischarged state term. Specifically, petitioner requests credit for the state time he was serving (33 months and 15 days) when he was indicted in federal court and charged with Conspiracy to Manufacture Methamphetamine.

## FACTUAL BACKGROUND

On October 1, 2002, petitioner was sentenced in Mason County Circuit Court, State of Illinois, to 120 days of jail treatment and 36 months of probation for Unlawful Possession of Methamphetamine Producing Chemicals. (*See* John Farrar Declaration). Petitioner was subsequently released; however, on May 2, 2003, he committed a new offense and his probation was revoked. (*Id.*). On September 8, 2003, petitioner was sentenced to a 3-year term for Unlawful Possession for Methamphetamine Manufacturing Chemicals in Menard County Circuit Court, State of Illinois. (*Id.*). Additionally, on September 11, 2003, petitioner was sentenced to a 6-year probation violation term. (*See* John Farrar Declaration; Attachment 1)

On January 16, 2004, petitioner was taken out of state custody and brought into federal custody via a writ of habeas corpus *ad prosequendum*. (*See* John A.

Farrar Declaration; Attachment 2)

On February 17, 2005, the United States District Court, Central District of Illinois, sentenced petitioner to a life term of imprisonment for the offense of Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. (*See* John Farrar Declaration; Attachment 3)  The court was "silent" regarding whether his federal sentence should run concurrently or consecutively to the undischarged state sentence petitioner was then serving. (*Id*.)

Petitioner returned to state custody on February 18, 2005. (*See* John Farrar Declaration; Attachment 2)  Petitioner was paroled from his state sentence on January 11, 2006. (*See* John Farrar Declaration; Attachment 1)  Petitioner remained in custody, and on August 31, 2006, the U.S. District Court amended his federal sentence from life to a 180-month term. (*See* John Farrar Declaration; Attachment 4)  Again, the court was "silent" regarding the relationship of the federal sentence to any other term of imprisonment.  (*Id*.)

Pursuant to 28 U.S.C. §§ 3584(a) and 3585(a) and BOP Program Statement 5880.28, Sentence Computation Manual (CCCA) of 1984, the BOP computed petitioner's federal sentence to commence on January 11, 2006, the date he was paroled from this state sentence.  Petitioner was not given any prior custody credit because all of this time was applied toward his state sentence.

A prisoner is required to exhaust his administrative remedies before he can

3

bring a section 2241 challenging his conditions of confinement.  *See e.g., Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986); *Anderson v. Miller,* 772 F.2d 375, 376-77 (7th Cir. 1985); *Jackson v. Carlson,* 707 F.2d 943, 949 (7th Cir. 1983).  Records show that petitioner has complied with this requirement.  (*See* John Farrar Declaration; Attachment 8)

## MERIT OF THE PETITION

### Petitioner Is Not Entitled to Double Credit

Petitioner does not claim that he did not receive any credit for the time in question.  In fact, he has received credit against his State of Illinois sentence for this time.  He alleges, instead, that the credit at issue should be awarded toward *both* his state and federal sentences.

Regardless, two issues must be examined: (1) when did petitioner's federal sentence commence; and (2) how much prior custody credit should he have received?  In this case, his sentence began on January 11, 2006, the date he was paroled from his state sentence.

Title 18 U.S.C. § 3585(a) states:

> (a) Commencement of sentence.--  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.

The underlying principle of this statute is that a federal sentence commences

when the defendant is received by the Attorney General of the United States for service of his federal sentence. *Pinaud v. James*, 851 F.2d 27 (2d Cir. 1988); *Salley v. United States*, 786 F.2d 546 (2d Cir. 1986); *Chambers v. Holland*, 920 F.Supp. 618, 621 (M.D.Pa), *aff'd*, 100 F.3d 946 (3d Cir. 1996). The earliest date a sentence can begin is the date it is imposed. *United States v. Gonzalez*, 192 F.3d 350, 353 (2d Cir. 1999)(stating that by attempting to "backdate" the beginning of defendant's sentence to the date of his state arrest, the district court exceeded its authority); *United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2d Cir. 1998) ("The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody."). *But see United States ex rel. Del Genio v. BOP*, 644 F.2d 585, 589 (7th Cir. 1980), *cert. denied*, 449 U.S. 1084 (1981)(implying in dicta sentencing judge could order prior commencement).

In this case, however, the court was silent with regard as to whether it wanted to run his federal sentence concurrently with or consecutively to his state sentence. Title 18 U.S.C. § 3484(a) provides for a consecutive sentence in cases where the Court is "silent" regarding this issue. Therefore, the earliest date his federal sentence could begin here was the date his state sentence was completed, which was on January 11, 2006.

Petitioner was also ineligible for a "*nunc pro tunc*" designation. A *nunc pro*

*tunc* designation is a retroactive designation whereby the BOP designates the

state facility as the place to serve the federal sentence when the federal judge

orders or recommends the sentence to run concurrently with the state sentence

already imposed.  BOP Program Statement 5160.05, *Designation of State Institution*

*for Service of Federal Sentence*, states:

> Federal judges have the authority to order a federal
> term of imprisonment to run consecutively or
> concurrently with any other sentence.  When there is a
> previously imposed sentence (federal or non-federal) in
> existence at the time of federal sentencing, and the
> federal judge does not state whether multiple terms of
> imprisonment are to run consecutively to or
> concurrently with one another, the sentences run
> consecutively (*see* 18 U.S.C. § 3584).

In addition, the BOP could not consider a "*nunc pro tunc*" designation for

petitioner under the provisions of *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990)

because at the time the federal sentence was originally imposed, petitioner was

serving two state sentences. (*See* Declaration of John Farrar)

Moreover, a federal sentence does not begin to run when a federal

defendant is produced for prosecution by a federal writ of habeas corpus *ad*

*prosequendum* from state custody.  *Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992);

*Thomas v. Brewer*, 923 F.2d 1361 (9th Cir. 1991); *Barden v. Keohane*, 921 F.2d 476 (3d

Cir. 1990); *Hernandez v. United States Attorney General*, 689 F.2d 915 (10th Cir.

1982).  Therefore, any time petitioner spent in federal custody pursuant to the

6

federal writ, specifically, January 16, 2004, to February 17, 2005, cannot be applied to his federal sentence. On the date he was brought into federal custody pursuant to the writ, petitioner was still under the primary jurisdiction of the state authorities and was only borrowed by the federal government pursuant to a federal writ. State authorities retain primary jurisdiction over the prisoner and federal custody does not commence until the state relinquishes the inmate on satisfaction of the state obligation. *Easley v. Stepp,* 5 Fed. Appx. 541, 543 (7th Cir. 2001); *Jack v. Herschberger,* 173 F.3d 1059, 1061 n. 1 (7th Cir. 1999); Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000); *Del Guzzi v. United States*, 980 F.2d 1269, 1271 (9th Cir. 1992); *Thomas v. Walen*, 962 F.2d at 358. The sovereign that first arrests the offender has primary jurisdiction over the offender unless that sovereign relinquishes it to another sovereign by, for example, bail release, dismissal of state charges, parole release, or expiration of sentence. *Rios v. Wiley*, 201 F.3d at 274; *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998); *United States v. Warren*, 610 F.2d 680, 685 (9th Cir. 1980); *Chambers v. Holland*, 920 F. Supp. at 622; *United States v. Smith*, 812 F.Supp. 368, 370 (E.D.N.Y. 1993).

In this case, the State of Illinois did not relinquish primary jurisdiction over petitioner until January 11, 2006, the day he was paroled from his state sentence. Therefore, all time prior to this date he was in primary state custody, and this time was applied toward that state sentence. (*See* Declaration of John Farrar).

The second issue is whether petitioner is entitled to any prior custody credit (more commonly known as "jail credit"). Federal law, specifically 18 U.S.C. § 3585(b), however, does not allow for credit to be granted toward a federal sentence if it was awarded against another sentence. *United States v. Wilson*, 503 U.S. 329 (1992); *see also United States v. Dennis*, 926 F.2d 768, 769 (8th Cir. 1991) (finding that credit against a federal sentence, for time spent in official detention, can only be credited if it has not been credited against another sentence); and *Wilson v. Herrera*, 55 F. Supp.2d 1148, 1150 (10th Cir. 1999) (same).

In this cause of action, petitioner was first arrested on August 1, 2002, then rearrested on May 2, 2003. All of this time until his release on state parole (January 11, 2006), was applied toward his state sentences. Therefore, petitioner cannot receive this presentence credit because it has already been awarded toward his state sentence. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment . . . that has not been credited against another sentence.").

Finally, to the extent that petitioner seeks a remedy under USSG § 5G1.3, this action is not the proper vehicle. The proper vehicle for a USSG §§ 5G1.3(b) &(c) reduction claim is a direct appeal or a motion under 28 U.S.C. § 2255. *Easley v. Stepp*, 5 Fed.Appx. 541, 2001 WL 252891, *2 (7th Cir. (Ill. 2001)), *citing Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996). The BOP has no authority to apply

provisions of the Sentencing Guidelines to inmates within its custody.

## CONCLUSION

The Bureau of Prisons has correctly calculated petitioner's federal sentence and granted him all possible prior custody credit.  Therefore, the petition for habeas corpus should be denied.


Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY


  /s/Thomas A. Keith
Thomas A. Keith
Assistant United States Attorney
211 Fulton, Suite 400
Peoria, Illinois 61602
Telephone:  309/671-7050

9

**CERTIFICATE OF SERVICE**

I hereby certify that we filed the foregoing Notice with the Clerk of the

Court using the CM/ECF system, which will cause a notice and a copy of the

foregoing to be sent to ,Michael Mason, Defendant on March 20, 2008.

Date:_____          /s/Jessica Stowe_____

10

**E-FILED**
Thursday, 20 March, 2008  09:28:20 AM
Clerk, U.S. District Court, ILCD

ATTACHMENT 1

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**INTERNET INMATE STATUS**
AS OF: Monday, January 30, 2006



# K99369 - MASON, MICHAEL A.

| | |
|---|---|
| Parent Institution: | Menard Correctional Center |
| Inmate Status: | PAROLE |
| Location: | INTERSTATE COMPACT |
| Discharge Reason: | |

## VITALS

| | |
|---|---|
| Date of Birth: | 07-29-1968 |
| Weight: | 210 lbs. |
| Hair: | Red or Auburn |
| Sex: | Male |
| Height: | 5 ft. 10 in. |
| Race: | White |
| Eyes: | Blue |

## MARKS, SCARS, & TATTOOS
TATTOO, ARM, RIGHT UPPER - VIKING HEAD

## ADMISSION / RELEASE / DISCHARGE INFO

| | |
|---|---|
| Custody Date: | 08/12/2003 |
| Projected Parole Date: | |
| Paroled Date: | 01-11-2006 |
| Tentative Discharge Date: | |
| Discharge From Parole: | 01/11/2006 |

## SENTENCING INFORMATION

| MITTIMUS: | 02CF66 |
|---|---|
| CLASS: | 1 |
| COUNT: | 1 |
| OFFENSE: | POSS MANU CHEM/15<30 GR METH |
| CUSTODY DATE: | 07/11/2003 |
| SENTENCE: | 6 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | MASON |
| SENTENCE DISCHARGED?: | NO |

| MITTIMUS: | 02CF45 |
|---|---|
| CLASS: | 2 |
| COUNT: | 1 |

State of Illinois | DEPARTMENT OF CORRECTIONS | Inmate Search Results

Page 2 of 2

| OFFENSE: | OTHER AMT NARCOTIC SCHED I&II |
|---|---|
| CUSTODY DATE: | 04/15/2003 |
| SENTENCE: | 3 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | FULTON |
| SENTENCE DISCHARGED?: | NO |

| MITTIMUS: | 03CF16 |
|---|---|
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | POSS MANU CHEM/<15 GRAMS METH |
| CUSTODY DATE: | 04/15/2003 |
| SENTENCE: | 3 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | MENARD |
| SENTENCE DISCHARGED?: | NO |

All complaints regarding the accuracy of information contained in these documents should be submitted, in writing, to the Illinois Department of Corrections, P.O. Box 19277, Springfield, IL 62794-9722.

conduct another search
return to the IDOC homepage

Illinois Department of Corrections
1301 Concordia Court
Springfield, Illinois, 62794
217-522-2666 | 800-546-0844 TDD

http://www.idoc.state.il.us/subsections/search/inms_print.asp?idoc=K99369

1/30/2006

ATTACHMENT 2



LIMITED OFFICAL USE
UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF CENTRAL ILLINOIS
DISTRICT: 26 OFFICE: PIA
INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129
NAME: MASON, MICHAEL ALAN
USMS NUMBER: 13249026

## III. STATUS HISTORY

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|-----|--------|-------------|--------------|--------------|--------|
| 1 | WHCAP | 12/03/2003 | 12/03/2003 | **/**/**** | BIG MUDDY RIVER CC |
| 1 | RL-WHCAP | 12/03/2003 | **/**/**** | 12/03/2003 | |
| 1 | READMIT | 01/16/2004 | 01/16/2004 | **/**/**** | FROM BIG MUDDY RIVER |
| 1 | WHCAP | 01/16/2004 | **/**/**** | **/**/**** | |
| 1 | RL-WHCAP | 02/18/2005 | **/**/**** | 02/18/2005 | RETND TO IDOC |
| 0 | WHCAT | 06/15/2005 | 06/15/2005 | **/**/**** | |
| 0 | RL-WHCAT | 06/15/2005 | **/**/**** | 06/15/2005 | RTN TO MENARD CC |
| 0 | ASR-T | 03/15/2006 | 03/15/2006 | **/**/**** | |
| 0 | WT-MOVE | 04/27/2006 | **/**/**** | **/**/**** | RASR |
| 0 | RL-ASR | 05/12/2006 | **/**/**** | 05/12/2006 | AIRLIFT BUS FFT |
| 0 | ASR-T | 07/26/2006 | 07/26/2006 | **/**/**** | HARR CASE |
| 0 | RL-ASR | 09/13/2006 | **/**/**** | 09/13/2006 | |

## IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|-----------|-----------------|-----------|--------------|--------------|----------------------|
| CEL | CELL BLOCK | 12/03/2003 | 12/03/2003 | 0 | |
| 5RV | PEORIA CO JAIL | 01/16/2004 | 02/12/2004 | 27 | |
| 7PZ | FULTON COUNTY JAIL | 02/12/2004 | 02/18/2005 | 372 | |
| CEL | CELL BLOCK | 06/15/2005 | 06/15/2005 | 0 | |
| 5QE | TAZEWELL CO JAIL | 03/15/2006 | 05/12/2006 | 58 | |
| 7PZ | FULTON COUNTY JAIL | 07/26/2006 | 08/30/2006 | 35 | |
| 5XB | MERCER COUNTY JAIL | 08/30/2006 | 09/13/2006 | 14 | |
| | | | TOTAL DAYS BOARDED | 506 | |

## V. MEDICAL CONDITION/TREATMENT HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|-----------------------|--------|------------------|
| 02/26/2004 | DR. RANDALL WILCOXEN | MED SCREEN |
| 03/11/2004 | DR. RANDALL WILCOXEN | SICK SLIP/NASAL CONGESTION |
| 03/23/2004 | DR. RANDALL WILCOXEN | SICK SLIP/PANIC ATTACKS & ANXIETY |
| 03/12/2004 | MAIN STREET PHARMACY | CLARINEX 5MG |
| 05/03/2004 | DR.RANDALL WILCOXEN | SICK SLIP-ANXIETY |
| 05/21/2004 | MAIN STREET PHARMACY | PAROXETINE 20MG |
| 05/21/2004 | MAIN STREET PHARMACY | HYDROXYZINE PAM 50MG |
| 06/03/2004 | MAIN STREET PHARMACY | ALPRAZOLAM 0.5MG |
| 06/09/2004 | MAIN STREET PHARMACY | HYDROXYZINE PAM 50MG |

ATTACHMENT 3

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| Central | District of | Illinois |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| Michael Mason | Case Number: 1:03-CR-10103-001 |
| | USM Number: 13249-026 |

FILED

FEB 2 2 20.

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

William R. Kelly
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1) and 841(b)(1)(A) and 846 | Conspiracy to Manufacture Methamphetamine | 5/2/2003 | 1 |

The defendant is sentenced as provided in pages 2 through    8    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/17/2005
Date of Imposition of Judgment

_signature_
Signature of Judge

Joe B. McDade                  U.S. District Judge
Name and Title of Judge

2/22/05
Date

A TRUE COPY
ATTEST
JOHN M. WATERS, CLERK
BY _signature_
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AO 245B    (Rev. 12/03) Judgment in Criminal Case
           Sheet 2 — Imprisonment

DEFENDANT: Michael Mason
CASE NUMBER: 1:03-CR-10103-001

Judgment — Page __2__ of __8__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

life.

☑ The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the defendant serve his sentence in a (1) facility as close to his family in Havana, Illinois, as possible. It is further recommended that he serve his sentence in a (2) facility that will allow him to participate in the Comprehensive Drug Treatment Program and (3) maximize his exposure to educational and vocational opportunities.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.  ☐ p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Michael Mason
CASE NUMBER: 1:03-CR-10103-001

Judgment—Page ___3___ of ___8___

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

ten years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from ☐ excessive ☒ any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3C -- Supervised Release

DEFENDANT: Michael Mason
CASE NUMBER: 1:03-CR-10103-001

Judgment—Page ___4___ of ___8___

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. You shall, at the direction of the probation office, participate in a program for substance abuse treatment including testing to determine whether you have used controlled substances and/or alcohol. You shall pay for these services as directed by the probation officer. 2. You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapons.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

DEFENDANT: Michael Mason
CASE NUMBER: 1:03-CR-10103-001

Judgment — Page  5  of  8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 2,500.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $          0.00 | $          0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the    ☑ fine  ☐ restitution.

    ☐ the interest requirement for the    ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

DEFENDANT: Michael Mason
CASE NUMBER: 1:03-CR-10103-001

Judgment — Page  6  of  8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☑ Lump sum payment of $ 2,600.00 due immediately, balance due

     ☐ not later than _____ , or
     ☑ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or,

F ☑ Special instructions regarding the payment of criminal monetary penalties:

     Fine to be paid during incarceration at the rate of 25% of prison wages.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

ATTACHMENT  4

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

E-FILED

Tuesday, 05 September, 2006 06:25:59 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT

Central District of Illinois

UNITED STATES OF AMERICA
v.
Michael Mason

AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number: 1:03-CR-10103-001
USM Number: 13249-026
William R. Kelly
Defendant's Attorney

FILED

SEP 0 1 2006

Date of Original Judgment: 2/22/2005
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☑ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. 3563(c), 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 | Conspiracy to Manufacture Methamphetamine | 6/2/2003 | 1 |

The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/31/2006

Date of Imposition of Judgment

s/ Joe B. McDade

Signature of Judge

Joe B. McDade,                    U.S. District Judge
Name of Judge                     Title of Judge

9/1/2006

Date

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Michael Mason
CASE NUMBER: 1:03-CR-10103-001

Judgment — Page __2__ of __6__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

*180 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the defendant serve his sentence in a (1) facility as close to his family in Havana, Illinois, as possible. It is further recommended that he serve his sentence in a (2) facility that will allow him to participate in the Comprehensive Drug Treatment Program and (3) maximize his exposure to educational and vocational opportunities.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
            Sheet 3 — Supervised Release

DEFENDANT: Michael Mason                                    Judgment—Page __3__ of __8__
CASE NUMBER: 1:03-CR-10103-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

    ten years.

        The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

        If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from ☐ excessive ☒ any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
          Sheet 3C — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Michael Mason
CASE NUMBER: 1:03-CR-10103-001

Judgment—Page __4__ of __8__

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. You shall, at the direction of the probation office, participate in a program for substance abuse treatment including testing to determine whether you have used controlled substances and/or alcohol. You shall pay for these services as directed by the probation officer. 2. You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapons.

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

                                                        (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Michael Mason                         Judgment — Page  6   of    6
CASE NUMBER: 1:03-CR-10103-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 2,500.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ | 0.00 | $ | 0.00 |
|---|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for    ☑ fine   ☐ restitution.

☐ the interest requirement for    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Michael Mason
CASE NUMBER: 1:03-CR-10103-001

Judgment — Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ 2,600.00 due immediately, balance due

☐ not later than _____ , or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Fine to be paid during incarceration at the rate of 25% of prison wages.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

ATTACHMENT 5

```
BOPGJ              *        PUBLIC INFORMATION        *      03-10-2008
PAGE 001           *           INMATE DATA            *      14:10:25
                   *         AS OF 03-10-2008

REGNO..: 13249-026 NAME: MASON, MICHAEL

                   RESP OF: PEK / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 309-346-8588    FAX: 309-477-4685
                                            RACE/SEX...: WHITE / MALE
                                            AGE: 39
PROJ REL MT: GOOD CONDUCT TIME RELEASE      PAR ELIG DT: N/A
PROJ REL DT: 02-05-2019                     PAR HEAR DT:
--------------------------- ADMIT/RELEASE HISTORY ---------------------------
FCL   ASSIGNMENT DESCRIPTION                START DATE/TIME STOP  DATE/TIME
PEK   A-DES      DESIGNATED, AT ASSIGNED FACIL 04-18-2007 1900 CURRENT
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL 04-18-2007 2000 04-18-2007 2000
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-18-2007 0931 04-18-2007 2000
OKL   HLD REMOVE HOLDOVER REMOVED             04-18-2007 0831 04-18-2007 0831
OKL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 04-11-2007 1646 04-18-2007 0831
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL 04-11-2007 1746 04-11-2007 1746
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-11-2007 0925 04-11-2007 1746
OKL   HLD REMOVE HOLDOVER REMOVED             04-11-2007 0825 04-11-2007 0825
OKL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 03-26-2007 1725 04-11-2007 0825
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 03-26-2007 1825 03-26-2007 1825
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-26-2007 1321 03-26-2007 1825
ATL   HLD REMOVE HOLDOVER REMOVED             03-26-2007 1321 03-26-2007 1321
ATL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 03-22-2007 1927 03-26-2007 1321
B03   RELEASE    RELEASED FROM IN-TRANSIT FACL 03-22-2007 1927 03-22-2007 1927
B03   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-22-2007 0916 03-22-2007 1927
BSY   TRANSFER   TRANSFER                     03-22-2007 0916 03-22-2007 0916
BSY   A-DES      DESIGNATED, AT ASSIGNED FACIL 09-22-2006 1835 03-22-2007 0916
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 09-22-2006 1835 09-22-2006 1835
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 09-22-2006 1025 09-22-2006 1835
OKL   HLD REMOVE HOLDOVER REMOVED             09-22-2006 0925 09-22-2006 0925
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED 09-13-2006 2000 09-22-2006 0925
I-T   RELEASE    RELEASED FROM IN-TRANSIT FACL 09-13-2006 2100 09-13-2006 2100
I-T   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-27-2006 0530 09-13-2006 2100
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL 07-27-2006 0530 07-27-2006 0530
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-26-2006 0900 07-27-2006 0530
OKL   HLD REMOVE HOLDOVER REMOVED             07-26-2006 0800 07-26-2006 0800
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED 07-24-2006 1800 07-26-2006 0800
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 07-24-2006 1900 07-24-2006 1900
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-24-2006 1056 07-24-2006 1900
ATL   HLD REMOVE HOLDOVER REMOVED             07-24-2006 1056 07-24-2006 1056
ATL   A-HLD      HOLDOVER, TEMPORARILY HOUSED 07-20-2006 1856 07-24-2006 1056
B02   RELEASE    RELEASED FROM IN-TRANSIT FACL 07-20-2006 1856 07-20-2006 1856
B02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-20-2006 0900 07-20-2006 1856
BSY   FED WRIT   RELEASE ON FEDERAL WRIT      07-20-2006 0900 09-22-2006 1835
BSY   A-DES      DESIGNATED, AT ASSIGNED FACIL 06-20-2006 1445 07-20-2006 0900
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL 06-20-2006 1445 06-20-2006 1445

G0002      MORE PAGES TO FOLLOW . . .
```

```
BOPGJ              *        PUBLIC INFORMATION        *     03-10-2008
PAGE 002           *           INMATE DATA            *     14:10:25
                   *         AS OF 03-10-2008
REGNO..: 13249-026 NAME: MASON, MICHAEL

                  RESP OF: PEK / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 309-346-8588   FAX: 309-477-4685
A02   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 06-20-2006 0910 06-20-2006 1445
OKL   HLD REMOVE  HOLDOVER REMOVED               06-20-2006 0810 06-20-2006 0810
OKL   A-HLD       HOLDOVER, TEMPORARILY HOUSED    05-12-2006 1715 06-20-2006 0810
I-T   RELEASE     RELEASED FROM IN-TRANSIT FACL   05-12-2006 1815 05-12-2006 1815
I-T   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  03-16-2006 0530 05-12-2006 1815
A02   RELEASE     RELEASED FROM IN-TRANSIT FACL   03-16-2006 0530 03-16-2006 0530
A02   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  03-15-2006 0818 03-16-2006 0530
OKL   HLD REMOVE  HOLDOVER REMOVED               03-15-2006 0718 03-15-2006 0718
OKL   A-HLD       HOLDOVER, TEMPORARILY HOUSED    02-21-2006 1645 03-15-2006 0718
2-L   RELEASE     RELEASED FROM IN-TRANSIT FACL   02-21-2006 1745 02-21-2006 1745
2-L   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  01-30-2006 1402 02-21-2006 1745
CST   ADMIN REL   ADMINISTRATIVE RELEASE          01-30-2006 1302 01-30-2006 1302
CST   A-ADMIN     ADMINISTRATIVE ADMISSION        01-30-2006 1241 01-30-2006 1302
```

G0002      MORE PAGES TO FOLLOW . . .

```
BOPGJ           *        PUBLIC INFORMATION        *     03-10-2008
PAGE 003        *            INMATE DATA           *     14:10:25
                *         AS OF 03-10-2008

REGNO..: 13249-026 NAME: MASON, MICHAEL

                 RESP OF: PEK / DESIGNATED, AT ASSIGNED FACIL
                 PHONE..: 309-346-8588    FAX: 309-477-4685
PRE-RELEASE PREPARATION DATE: 08-05-2018

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  02-05-2019 VIA GCT REL

-----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------
COURT OF JURISDICTION...........: ILLINOIS, CENTRAL DISTRICT
DOCKET NUMBER...................: 1:03-CR-10103-001
JUDGE...........................: MCDADE
DATE SENTENCED/PROBATION IMPOSED: 02-17-2005
DATE COMMITTED..................: 06-20-2006
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

            FELONY ASSESS  MISDMNR ASSESS  FINES           COSTS
NON-COMMITTED.: $100.00    $00.00          $2,500.00       $00.00

RESTITUTION...: PROPERTY:  NO   SERVICES:  NO    AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....: 391
OFF/CHG: 21:841(A)(1) & 841(B)(1)(A) AND 846 CONSPIRACY TO
         MANUFACTURE METHAMPHETAMINE.

SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE..: LIFE
TERM OF SUPERVISION.............:    10 YEARS
NEW SENTENCE IMPOSED............:   180 MONTHS
BASIS FOR CHANGE................: COURT ORDER MODIFYING SENTENCE
DATE OF OFFENSE.................: 05-02-2003




G0002      MORE PAGES TO FOLLOW . . .
```

```
BOPGJ           *        PUBLIC INFORMATION              *       03-10-2008
PAGE 004 OF 004 *            INMATE DATA                 *       14:10:25
                           AS OF 03-10-2008
```

REGNO..: 13249-026 NAME: MASON, MICHAEL

```
              RESP OF: PEK / DESIGNATED, AT ASSIGNED FACIL
              PHONE..: 309-346-8588   FAX: 309-477-4685
------------------------CURRENT COMPUTATION NO: 010 ------------------------
```

COMPUTATION 010 WAS LAST UPDATED ON 01-24-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 02-10-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 01-11-2006
TOTAL TERM IN EFFECT............: 180 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   15 YEARS
EARLIEST DATE OF OFFENSE........: 05-02-2003

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 705
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 02-05-2019
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 01-10-2021


PROJECTED SATISFACTION DATE.....: 02-05-2019
PROJECTED SATISFACTION METHOD...: GCT REL
```

S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

ATTACHMENT 6

P.S. 5880.28
Page 1 - 12
CN-02, July 29 1994

**b.  Commencement (Beginning Date) of Sentence.**  18 U.S.C. § 3585(a) establishes the rule for commencement of sentence and states, "(a) Commencement of sentence.-- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served."  If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in <u>exclusive</u> federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently.  If the prisoner is, however, serving another federal sentence at the time a new sentence is imposed, then 18 U.S.C. § 3584 (Multiple sentences of imprisonment) must be followed as discussed in paragraph e. of this chapter.

The Bureau of Prisons calculates any part of a day in custody serving sentence as a **full day** served on the sentence (See Chapter I, paragraph 3.d., third subparagraph) and any part of a day in official detention as a **full day** for prior custody time credit purposes (See Chapter I, paragraph 3.c.(1)).  In those cases, however, when the court imposes a sentence for a term of hours, the exact number of hours imposed must be served, regardless of whether the sentence is for more or less than 24

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 24A

<u>f</u>    Ordinarily, if a state sentence is imposed, either before or after the time that the federal sentence commences, it is presumed that the state has awarded, or will award, presentence time off the state sentence for time spent in state custody in connection with the state offense and ISM staff need make no further inquiry about it unless the inmate claims that no state credit was, or will be, given.  In such a case, ISM staff shall follow the instructions in subparagraphs c.(2), (a) and (c).                              *

(c)  Credit related to a probation sentence under 18 U.S.C. § 3563(b)(11) or (12).

<u>1</u>    Time accrued prior to the beginning of the probation sentence shall <u>not</u> operate to reduce the time to serve in a Community Corrections Center or in custody of the Bureau of Prisons as a condition of probation.

<u>2</u>    Time spent in the intermittent custody of the Bureau of Prisons or in a Community Corrections Center as a condition of probation under subsection (11) or (12) is <u>not</u> creditable as prior custody time credit on a subsequent sentence received as a result of a revocation of the probation. Time spent serving a term of <u>probation</u> is not official detention as to a sentence of imprisonment.

<u>3</u>    Prior custody time accrued after the date of offense for the original sentence (not awarded to any other sentence) that led to the probation sentence and any prior custody time accrued after arrest as an alleged probation violator, shall be applied to the subsequent sentence of

ATTACHMENT  7



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

OPI: CPD
NUMBER: 5160.05
DATE: 1/16/2003
SUBJECT: Designation of State Institution for Service of Federal Sentence

1. **PURPOSE AND SCOPE.**  To provide instructions for the designation of a state institution for concurrent service of a federal sentence.

2. **SUMMARY OF CHANGES.**  This policy has been rewritten to comply with the "Plain Language" initiative.

3. **PROGRAM OBJECTIVES.**  The expected results of this program are:

   a.  State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system.

   b.  Accurate records and accountability will be maintained by the Regional Inmate Systems Administrator (RISA) for inmates serving federal sentences in state institutions.

4. **DIRECTIVES AFFECTED**

   a. **Directive Rescinded**

   PS 5160.04      Designation of State Institution for Service of Federal Sentence (4/19/00)

   b. **Directives Referenced**

   PS 5100.07      Security Designation and Custody Classification Manual (9/3/99)

PS 5160.05
1/16/2003
Page 2

PS 5800.07    Inmate Systems Management Manual (12/24/91)
PS 5880.28    Sentence Computation Manual-CCCA (2/21/92)
PS 5880.30    Sentence Computation Manual ("Old Law" Pre-
              CCCA-1984) (7/16/93)
PS 5880.32    District of Columbia Sentence Computation
              Manual (1/23/01)
PS 7300.09    Community Corrections Manual (7/22/98)

## 5. STANDARDS REFERENCED

a. American Correctional Association 3rd Edition Standards for
Adult Correctional Institutions:  3-4093 and 3-4094

b. American Correctional Association 3rd Edition Standards for
Adult Local Detention Facilities:  3-ALDF-1E-02 and 3-ALDF-1E-03

c. American Correctional Association 2nd Edition Standards for
Administration of Correctional Agencies:  2-CO-1E-04 and
2-CO-1E-05

## 6. MCC/MDC/FDC APPLICATION.
This Program Statement applies to pre-
trial and holdover inmates as indicated in subsequent sections.

## 7. STATUTORY AUTHORITY.
Authority for designating a state
institution as the place to serve a federal term of imprisonment is
found in 18 U.S.C. § 3621(b), which states:

> **"The Bureau of Prisons shall designate the place of the
> prisoner's imprisonment. The Bureau may designate any
> available penal or correctional facility that meets minimum
> standards of health and habitability established by the Bureau,
> whether maintained by the Federal Government or otherwise and
> whether within or without the judicial district in which the
> person was convicted, that the Bureau determines to be
> appropriate and suitable . . . ".**

a. For inmates who committed the underlying offense before
November 1, 1987, a similar provision is found in
18 U.S.C. § 4082(b) (repealed).

b. Federal judges have the authority to order a federal term of
imprisonment to run consecutively to or concurrently with any other
sentence. When there is a previously imposed sentence (federal or
non-federal) in existence at the time of federal sentencing, and the
federal judge does not state whether multiple

PS 5160.05
1/16/2003
Page 3

terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively (see 18 U.S.C. § 3584).  (This applies only to federal offenses committed on or after November 1, 1987.)

c.  When a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence.  United States v. Hardesty, 958 F.2d 910 (9th Cir. 1992).

d.  For federal offenses that occurred prior to November 1, 1987, and there is a previously imposed sentence in existence at the time of federal sentencing and the federal judge is silent as to whether multiple terms run concurrently or consecutively, the RISA will have to research the record and make a determination regarding concurrency.

e.  No concurrent designation will be considered when statutory language mandates consecutive service or the U.S. Sentencing Guidelines require consecutive service.

f.  Authority for commencement of a sentence once a facility is designated is found in 18 U.S.C. § 3585(a) and § 3568 (repealed).

18 U.S.C. § 3585(a), states,

**"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."**

18 U.S.C. § 3568, states in part,

**"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence."**

g.  Just as the federal government has no authority to prescribe when a state sentence will commence, the state has no authority to order commencement of a federal sentence (see 18 U.S.C. § 3585(a) & § 3568 (repealed)).

ATTACHMENT  8

```
BOPGJ          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        03-10-2008
PAGE 001 OF                                                           14:46:45
      FUNCTION: L-P SCOPE: REG   EQ 13249-026   OUTPUT FORMAT: UNSAN_____
------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS:   _____ _____ _____   _____ _____ _____
SUBJECTS:   _____ _____ _____   _____ _____ _____
EXTENDED: _ REMEDY LEVEL: _ _ ____     RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ
TRACK:  DEPT: _____    _____   _____   _____   _____   _____
      PERSON: _____    _____   _____   _____   _____   _____
        TYPE: ___      _____    _____    _____    _____     _____
EVNT FACL: EQ ____     _____    _____    _____    _____    _____
RCV FACL.: EQ ____     _____    _____    _____    _____    _____
RCV UN/LC: EQ _____  _____   _____   _____   _____    _____
RCV QTR..: EQ _____ _____  _____  _____  _____   _____
ORIG FACL: EQ ____     _____   _____   _____   _____    _____
ORG UN/LC: EQ _____ _____  _____  _____  _____   _____
ORIG QTR.: EQ _____ _____  _____  _____  _____   _____




G0002       MORE PAGES TO FOLLOW . . .
```

```
BOPGJ           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    03-10-2008
PAGE 002 OF 002 *             UNSANITIZED FORMAT             *    14:46:45

REMEDY-ID      REG       NAME                      ORIG UNIT OR LOC/QTRS/FACL
               STATUS-DATE    STATUS    DATE-RCV   RCV-OFC  RCV-FACL  EVNT-FACL
               SUBJ1/SUBJ2 -------------------ABSTRACT--------------------------

453983-F1      13249-026    MASON, M                  INDIANA    B05-120L   PEK
               06-04-2007       CLO    05-25-2007        PEK       PEK      PEK
               30AM/        REQUESTS CREDIT FOR JAIL TIME SERVED

453983-R1      13249-026    MASON, M                  INDIANA    B05-120L   PEK
               09-21-2007       REJ    09-21-2007        NCR       PEK      PEK
               30AM/        REQUESTS CREDIT FOR JAIL TIME SERVED

470348-F1      13249-026    MASON, M                  INDIANA    B05-120U   PEK
               10-29-2007       CLO    10-19-2007        PEK       PEK      PEK
               30AM/        I/M IS SEEKING CREDIT FOR JAIL TIME SERVED

470348-R1      13249-026    MASON, M                  INDIANA    B05-120U   PEK
               12-03-2007       CLD    11-07-2007        NCR       PEK      PEK
               30AM/        I/M IS SEEKING CREDIT FOR JAIL TIME SERVED

470348-A1      13249-026    MASON, M                  INDIANA    B05-120U   PEK
               01-22-2008       CLD    12-21-2007        BOP       PEK      PEK
               30AM/        I/M IS SEEKING CREDIT FOR JAIL TIME SERVED


              5 REMEDY SUBMISSION(S) SELECTED
G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

**E-FILED**
Thursday, 20 March, 2008  09:30:52 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

MICHAEL A. MASON              )
                              )
              Petitioner,     )
                              )
    v.                        ) Case No. 08-CV-01055-JBM
                              )
                              )
                              )
UNITED STATES,                )
              Respondent.     )

DECLARATION OF JOHN A. FARRAR

I, JOHN A FARRAR, hereby declare and state the following:

     1.  I am currently employed by the United States Department
of Justice, Federal Bureau of Prisons (BOP), as a Policy and
Correspondence Specialist at the Designation and Sentence
Computation Center in Grand Prairie, Texas, since March 2006.  I
have been employed by the BOP since July 1989, and I have worked
in the area of inmate sentence computations since April 1990.
Additionally, I have access to records maintained in the ordinary
course of business by the BOP.

     2.  As a Policy and Correspondence Specialist, I routinely
review and audit inmate sentence computations.  I have been
assigned to review petitioner's habeas corpus petition regarding
his sentence computation.  Petitioner Michael A. Mason, Register
Number 13249-026, alleges that he is entitled to sentencing
credit for time spent in official detention pursuant to the
United States Sentence Guidelines (USSG), Section 5G1.3.  He

claims the BOP failed to adjust his federal sentence for time spent serving his undischarged state term. Specifically, petitioner requests credit for the state time he was serving (33 months and 15 days) when he was indicted in federal court and charged with Conspiracy to Manufacture Methamphetamine.

3. On October 1, 2002, petitioner was sentenced in Mason County Circuit Court, State of Illinois, to 120 days of jail treatment and 36 months of probation for Unlawful Possession of Methamphetamine Producing Chemicals. Petitioner was subsequently released; however, on May 2, 2003, he committed a new offense and his probation was revoked.

4. On September 8, 2003, petitioner was sentenced to a 3-year term for Unlawful Possession for Methamphetamine Manufacturing Chemicals in Menard County Circuit Court, State of Illinois. Additionally, on September 11, 2003, petitioner was sentenced to a 6-year probation violation term. (Attachment 1).

5. On January 16, 2004, petitioner was taken out of state custody and brought into federal custody via a writ of habeas corpus ad prosequendum. (Attachment 2). On February 17, 2005, the United States District Court, Central District of Illinois, sentenced petitioner to a life term of imprisonment for the offense of Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. (Attachment 3). The court was "silent" regarding whether his federal sentence should run concurrently or consecutively to the undischarged state sentence petitioner was

then serving. (*Id.*).

6.  Petitioner returned to state custody on February 18, 2005. (Attachment 2).

7.  Petitioner was paroled from his state sentence on January 11, 2006. (Attachment 1).

8.  Petitioner remained in custody and on August 31, 2006, the U.S. District Court amended his federal sentence from life to a 180-month term. (Attachment 4). Again, the court was "silent" regarding the relationship of the federal sentence to any other sentence. (*Id.*).

9.  Pursuant to 28 U.S.C. §§ 3584(a) and 3585(a) and BOP Program Statement 5880.28, *Sentence Computation Manual (CCCA) of 1984*, the BOP computed petitioner's federal sentence to commence on January 11, 2006, the state he was paroled from this state sentence. (Attachments 5, p. 4 & 6). Petitioner was not given any prior custody credit because all of this time was applied toward his state sentence.

10.  Title 18 U.S.C. § 3585(b) establishes the rule for awarding of prior custody credits (jail credit) and states in its entirety:

> "(b) Credit for prior custody.- A defendant shall
> be given credit toward the service of a term of
> imprisonment for any time he has spent in official
> detention prior to the date the sentence

3

commences— (1) as a result of the offense for
which the sentence was imposed; or (2) as a result
of any other charge for which the defendant was
arrested after commission of the offence for which
the sentence was imposed; **that has not been
credited against another sentence.**" (Emphasis
added).

11.   Program statement 5880.28, *Sentence Computation Manual
(CCCA of 1984)*, in the section entitled, *Prior Custody Time*,
which also quotes 18 U.S.C. § 3585(b), details that no such prior
custody credits will be awarded when documentation exists that
this same time was already credited to another sentence, state or
federal.  (Attachment 6).

12.   Because the time spent in state custody was credited
toward the state sentence, based on federal statutes and BOP
policy, no additional pre-sentence credit can be granted.
Moreover, petitioner's sentence began on January 11, 2006, the
date he was paroled from state custody because the court was
"silent" regarding the relationship of the federal sentence to
the other sentences.  Title 18 U.S.C. § 3484(a) provides for a
consecutive sentence in cases where the Court is "silent"
regarding this issue.

13.   Petitioner was also ineligible for a *"nunc pro tunc"*
designation.  BOP Program Statement 5160.05, *Designation of State*

4

*Institution for Service of Federal Sentence*, states: "Federal judges have the authority to order a federal term of imprisonment to run consecutively or concurrently with any other sentence. When there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge does not state whether multiple terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively (*see* 18 U.S.C. § 3584)." (Attachment 7).

14. In addition, the BOP could not consider the a "*nunc pro tunc*" designation for petitioner under the provisions of *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990) because at the time the federal sentence was originally imposed, petitioner was serving two state sentences.

15. I have personally reviewed petitioner's sentence computation for accuracy and found it to be correct and computed in accordance with BOP policy and applicable statutes.

16. The Bureau of Prisons has established an administrative remedy procedure through which inmates can seek formal review of any complaint regarding any aspect of their imprisonment. *See* 28 C.F.R. § 542 *et seq.* In order to exhaust appeals under the Administrative Remedy Procedure, inmates must raise their complaints first to the Warden of the institution where they are confined, and then may further appeal an adverse decision to the

5

Regional Director and Central Office of the Federal Bureau of
Prisons. *See* 28 C.F.R. § 542 *et seq.* No administrative remedy
appeal is considered to have been finally exhausted until
considered by the Bureau of Prisons' Central Office. *Id.*
§ 542.15.

17.  The BOP maintains a synopsis of all administrative
requests filed by every inmate. This document is called an
Administrative Remedy Generalized Retrieval Format. (Attachment
8).

18.  I have reviewed the computerized index of
administrative remedies filed by petitioner. He has exhausted
all available administrative remedies. (*Id.*).

19.  Attached are true and correct copies of the following
records relating to federal inmate Michael A. Mason, Register
Number 13249-026:

- Illinois Department of Corrections Sentencing
  Information
- U.S. Marshals Service, Form 129
- Judgment in a Criminal Case, Case No. 03-CR-10103,
  dated February 17, 2005
- Amended Judgment in a Criminal Case, Case No. 03-CR-
  10103, dated August 31, 2006
- Public Information Inmate Data
- Program Statement 5880.28, *Sentence Computation Manual*

6

(relevant portions)

- BOP Program Statement 5160.05, *Designation of State Institution for Service of Federal Sentence* (relevant portions)

- Administrative Remedy Generalized Retrieval Format

I declare under penalty and pursuant to 28 U.S.C. § 1746, that the above is true and correct executed on this 10th day of March 2008, in Grand Prairie, Texas.

JOHN FARRAR
Policy & Correspondence Specialist
Designation and Sentence
Computation Center

7